**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROLLA ROY WERLINE, IV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0465-GKF-SH** |
| | ) | |
| **CHRISTE QUICK, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**OPINION AND ORDER**</u>

Petitioner Rolla Roy Werline, IV ("Werline"), an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Ottawa County District Court Case No. CF-2017-164.  Dkt. 1.  Werline raises two (2) grounds for habeas relief.  *Id.* at 6-7.[1] Respondent Christe Quick, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, moves to dismiss the Petition for Writ of Habeas Corpus ("Petition"), arguing Werline failed to file the Petition within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1).  Dkts. 7 and 8.  The Court considered the Petition (Dkt. 1), Respondent's Motion to Dismiss (Dkt. 7) and Brief in Support (Dkt. 8), and applicable law.[2]  For the reasons discussed below, the Motion to Dismiss is granted and the Petition is dismissed as barred by the applicable statute of limitations.

    **I.**    **Background**

Werline entered a plea of guilty to the crimes of first-degree manslaughter (count 1), leaving the scene of a fatality accident (count 2), and failing to maintain insurance (count 3).  *See*

---

[1]  The Court's citations refer to the CM/ECF header pagination.

[2]  Werline did not file a response to Respondent's Motion to Dismiss.

Dkt. 8-1 at 1; *see also* Dkt. 1 at 18-24.  The trial court sentenced Werline to twenty years imprisonment and a $1,000 fine for count 1, a term of five years imprisonment, suspended and to run consecutively to count 1, as to count 2, and a $250.00 fine for count 3.  Dkt. 1 at 15-16; *see also* Dkt. 8-1 at 1-2.  Werline timely moved to withdraw his plea, and the trial court denied his motion.  Dkt. 8-2 at 7-8.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of his motion to withdraw plea on October 31, 2019.  Dkt. 8-1.  As explained in more detail below, Werline filed several requests in state court between June 21, 2019, and February 19, 2025, seeking post-conviction relief.  *See* Dkts. 8-4 through 8-22.  When these efforts proved unsuccessful, Werline filed the instant Petition on August 8, 2025.[3]  Dkt. 1.

Werline alleges: i) he received ineffective assistance of counsel; and ii) his plea was not knowing, voluntary, and intelligent.  Dkt. 1 at 6-7.  Respondent contends Werline's Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1) and Werline is not entitled to equitable tolling.  Dkt. 8.f

## II.    Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] Werline's Petition was received by the Clerk of Court on August 29, 2025.  Dkt. 1 at 1.  However, because there is evidence showing that he placed the Petition in the prison's legal mail system on August 8, 2025, the Court deems the Petition filed August 8, 2025.  *Id.* at 8; *see also* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).[4]

### A.  28 U.S.C. § 2244(d)(1)(A)

As outlined above, the OCCA affirmed the denial of Werline's motion to withdraw his plea on October 31, 2019.  Dkt. 8-1.  Nothing in the record indicates that Werline sought a writ of certiorari from the United States Supreme Court within ninety days after the OCCA affirmed the denial of the motion to withdraw his plea. Dkt. 1, generally; *see* Sup. Ct. R. 13.  Therefore, Werline's judgment became final on January 29, 2020, ninety days after October 31, 2019.  *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("[P]etitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citations and quotations omitted)).  Werline's one-year period to file a petition for writ of habeas corpus began January 30, 2020, and, absent statutory tolling,

---

[4]  Werline did not allege any facts triggering §§ 2244(d)(1)(B), (C) or (D).  *See* Dkt. 1.  Therefore, the Court does not analyze these subsections.

3

expired February 1, 2021.[5] Therefore, absent any tolling events, Werline's August 8, 2025 Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

### B.  28 U.S.C. § 2244(d)(2)

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original); *see also Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (stating that a "properly filed" application complies with filing requirements including: "(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion"). Further, the statutory tolling provision does not apply to state petitions for post-conviction relief filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). As detailed below, Werline is not entitled to any statutory tolling.

Werline did make various requests in state court prior to February 1, 2021. First, Werline filed a motion for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, on June 21, 2019, before the OCCA affirmed the district court's denial of his motion to withdraw plea. *See* Dkt. 8-5. However, assuming without deciding such a motion tolls the one-year limitation period found in

---

[5] Werline's one-year period technically expired on January 30, 2021. Since January 30, 2021, was a Saturday, Werline's time to file a habeas petition extended to Monday, February 1, 2021. Fed. R. Civ. P. 6(a)(1)(C).

4

28 U.S.C. § 2244(d)(1)(A),[6] Werline's motion for judicial review was not properly filed.  Section 982a(A)(1) permits a criminal defendant to seek judicial review and modification of a sentence "[a]ny time within sixty (60) months after the initial sentence is imposed."  Okla. Stat tit. 22, § 982a(A)(1) (2018).  However, "[a]ny application for sentence modification that is filed and ruled upon beyond twelve (12) months of the initial sentence . . . must be approved by the district attorney."  *Id.*  Werline's June 21, 2019 motion for judicial review did not satisfy the condition precedent: obtaining the district attorney's approval.  *See* Dkt. 8-6.  Therefore, this motion did not toll the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1).  *Murrell v. Allbaugh,* Case No. 18-CV-341-JHP-FHM, 2019 WL 2130144, at *4 (N.D. Okla. May 15, 2019) (unpublished)[7] (finding habeas petitioner's motion for judicial review and modification that lacked district attorney's approval was not "properly filed" and "had no tolling effect.").

Werline's family also submitted letters to the trial court which were filed on September 29, 2020.  *See* Dkts. 8-8 and 8-9.  And Werline filed a motion for documents/records at state's expense on October 26, 2020.  Dkt. 8-13.  However, none of these filings constitute a properly filed application for State post-conviction or other collateral review because they did not seek "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."  *Levering v. Dowling*, 721 F. App'x 783, 787 (10th Cir. 2018); *see also Armstrong v. Rankins*, Case No. 22-CV-248-CVE-SH, 2023 WL 158907, at *3 (N.D. Okla. Jan. 11, 2023) (unpublished)

---

[6]  The question of whether "a motion for judicial review under § 982a can ever lead to tolling of the statute of limitations under § 2244(d)(2) is an 'unresolved issue in our circuit.'"  *Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *7 (10th Cir. Jan. 12, 2024) (unpublished) (quoting and citing *Randall v. Allbaugh*, No. 16-5109, 662 F. App'x 571, 573 n.3 (10th Cir. Sept. 27, 2016) (unpublished)).
[7]  The Court cites all unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

(finding motions seeking files, records and transcripts did not toll the statute of limitations). Accordingly, these filings do not provide Werline with any statutory tolling.  28 U.S.C. § 2244(d)(2).

Similarly, Werline's March 11, 2022 motion for judicial review (Dkt. 8-15) and subsequent filings (*see, e.g.,* Dkts. 8-17, 8-18, 8-22) did not toll the applicable statute of limitations because they were filed after February 1, 2021. *Clark*, 468 F.3d at 714.  In all, as outlined, Werline is not entitled to any statutory tolling, and his August 8, 2025 Petition is untimely.

### C.  Equitable Tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Moreover, Werline's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations and citation omitted).  Nothing in Werline's Petition indicates extraordinary circumstances precluded the timely submission of his action.  Thus, equitable tolling is unavailable.[8]

### III.  Conclusion

The Court finds and concludes Werline cannot obtain federal habeas relief under 28 U.S.C. § 2254.  Werline's Petition is time-barred and he cannot avail himself to equitable tolling.  The

---

[8] While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, Werline does not invoke the actual-innocence doctrine and, therefore, the Court will not address this exception to the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Court therefore grants the Motion to Dismiss and dismisses the Petition. The Court further concludes no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 7) is **granted**; the Petition (Dkt. 1) is **dismissed**; a certificate of appealability is **denied**; and a separate judgment of dismissal shall be entered in this matter.

**DATED** this 27th day of April, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE